UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN HUMES, ) | |
|     Plaintiff, ) | |
| ) | |
|   vs. ) | 1:06-cv-985-SEB-JPG |
| ) | |
| BLATT, HASENMILLER, LIEBSKER & ) | |
| MOORE, LLC, ) | |
|     Defendant. ) | |

## ENTRY DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on the parties' cross-motions for summary judgment regarding Plaintiff's claim of violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Plaintiff John Humes ("Humes") alleges that Defendant Blatt, Hasenmiller, Leibsker & Moore, L.L.C. ("Blatt") sent him a debt collection letter containing a false statement of his outstanding debt in violation of § 1692g(a)(1) and § 1692e of the FDCPA. Blatt argues that the letter does not violate the FDCPA as it correctly stated "the amount of debt" as required by § 1692g(a)(1). For the reasons set forth in this entry, we hold that Defendant's motion is well-taken. Therefore, we GRANT Defendant's Cross-Motion for Summary Judgment [Docket No. 52] and DENY Plaintiff's Motion for Summary Judgment [Docket No. 36], and enter final judgment accordingly.

*I.     Factual Background*

Blatt, Hasenmiller, Leibsker & Moore, LLC, is a law firm with offices in Chicago and Indianapolis (among other places) that specializes in the collection of consumer debt. (Def.'s Responses to Pl.'s First Disc. Requests ¶ 1-2.)  For the purposes of this suit, it is a debt collector as defined by the FDCPA. (*Id.* at ¶ 2.)  On February 9, 2006, Blatt sent Humes a form debt collection letter ("collection letter"), informing Humes that a suit had been filed against him in an attempt to collect a consumer debt Humes allegedly owed to Citibank (South Dakota) N.A. ("Citibank"), and requesting payment of the debt, which had by then been assigned to Blatt.  The full text of the letter is set out below:

> REFERENCE #: 1619910
> CREDITOR: CITIBANK (SOUTH DAKOTA) N.A.
> DEBTOR: JOHN HUMES
> CASE #: [REDACTED]
> PRINCIPLE: $4747.08
> INTEREST: $0.00
> ATTORNEY FEE TO DATE: $0.00
> COURT COSTS: $130.00
> TOTAL SUIT AMOUNT: $4877.08
> AMOUNT PAID: $0.00
> SUIT BALANCE: $ 4877.08
>
> As you may already be aware, suit has been filed against you.  The case number and suit amount are shown above, along with an itemization of the amount asked for in the suit.  We are sending you this follow up request for payment and asking for your cooperation in this matter.  You may still arrange for voluntary payment and possibly avoid the entry of a judgment.
>
> If it is your intention to pay this debt, please do so now, or contact us and advise us of your intentions.  If we do not receive your payment or hear from you, shall we assume that you do not intend to make voluntary payment?

>Please give this matter your prompt attention so that we can resolve this outstanding indebtedness and the pending lawsuit.
>
>Thank You,
>
>Blatt, Hasenmiller, Leibsker & Moore, LLC
>
>THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY COMMUNICATION OBTAINED WILL BE USED FOR THAT PURPOSE.
>
>PLEASE INCLUDE YOUR REFERENCE # ON YOUR PAYMENT.[1]

No facts are in controversy; rather, this dispute is limited to the legal implications of Blatt's assertion in the collection letter that Humes' debt consisted of $4747.08 "principle" [sic] with zero interest.

## II.    *Summary Judgment Standard*

In addressing cross-motions for summary judgment, we may grant (in whole or in part) or deny (in whole or in part) either or both parties' motions.  The standard for determining whether summary judgment should issue is unchanged from that which applies when only one party has sought relief.  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see First Bank & Trust v. Firstar Info. Servs., Corp.*, 276 F.3d 317, 321-22 (7th Cir. 2001). The Court draws all reasonable inferences from undisputed facts in favor of the non-

---

[1] Ex. B to Amended Complaint [Docket No. 17].

moving party and views disputed evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, the non-moving party may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; rather, the nonmovant must go beyond the pleadings to support his or her contentions with properly admissible evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Moreover, summary judgment is often particularly appropriate where the language of a document or contract is at issue. *See, e.g.*, *Ooley v. Schwitzer Div., Household Mfg., Inc.*, 961 F.2d 1293, 1298 (7th Cir. 1992).

### III. *Discussion*

The FDCPA is a consumer protection law designed to eliminate abusive debt collection practices which would likely disrupt a debtor's life. *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000). To achieve that end, the FDCPA requires the debt collector to send the consumer a written notice containing, among other things, the amount of the debt being sought. 15 U.S.C. § 1692g. Additionally, it forbids a debt collector from providing a false or misleading representation as to the amount or legal status of the debt owed. 15 U.S.C. § 1692e.

A false statement made by a debt collector in the course of collecting a debt is a *per se* violation of § 1692e. *Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004); *Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472 (7th Cir. 2000). When a plaintiff alleges that a debt collector has made a false statement in the course of collecting a debt,

it is unnecessary for us to determine whether the "unsophisticated debtor" would be confused by the letter; instead, we need only determine whether the challenged statement is in fact false.  *Gearing*, 233 F.3d at 472.

Plaintiff alleges in his Amended Complaint that the dunning letter sent by Defendant violated the FDCPA because it falsely stated that Humes' debt was comprised entirely of principal, with no interest, "[d]espite the fact that [the] $4747.08 consists of principal, interest, and fees imposed." (Pl.'s Response to Def.'s Cross-Mot. for Summary Judgment and Reply in Support of Pl.'s Mot. for Summary Judgment at 4.)  Citing dictionary definitions, Plaintiff argues that, when used in a collection letter without qualifiers, the words "principal" and "interest" can refer only to the principal and interest that comprise the underlying debt; therefore Defendant's use of those words to itemize the amount sought in the suit – rather than the amount of the underlying debt – resulted in a false statement of "the amount of the debt" in violation of the FDCPA.  (*Id.* at 3.)  In other words, according to Plaintiff, "the amount of debt" that must be correctly stated and itemized under §§ 1692e and 1692g is not the amount currently sought by the debt collector, but the consumer's entire underlying credit card debt.

Plaintiff's claim might be more persuasive if the Seventh Circuit had not recently addressed and dismissed a similar claim in *Barnes v. Advanced Call Ctr. Techs, LLC*, 493 F.3d 838 (7th Cir. 2007).  *Barnes* involved form dunning letters sent by a debt collector to collect past-due credit card payments.  *Id.* at 839.  The letters stated that the named credit account had been referred to the debt collector for collection and "listed the past-due

5

amount as the 'Current Amount Due.'" *Id.* The plaintiffs in *Barnes* argued that the dunning letters failed to accurately state "the amount of the debt" as required by § 1692g because "the amount of the debt" that must be contained in the dunning letter is the consumer's overall credit card balance, not the amount past due currently sought by the debt collector. *Id.* The Seventh Circuit held the plaintiffs' interpretation of § 1692g to be incorrect, the product of a misunderstanding of § 1692g and a misapplication of precedent:

> Plaintiffs' argument seems to forget who the defendant is. ACCT, not MBNA, is the collector here, so the 'amount of the debt' must be that owed to the former, meaning the amount past due. Whatever may be owed to MBNA, or for that matter to any of the Plaintiffs' creditors, is of no consequence to this case. This was made clear in *Chuway v. National Action Financial Services, Inc.*, 362 F.3d 994, 947 (7th Cir. 2004), another case that Plaintiffs incorrectly cite in their favor. Only the past due amount, the amount owed ACCT, can be the 'amount of the debt' under [§ 1692g].

*Id.* at 840. In dismissing the plaintiffs' interpretation of § 1692g, the Seventh Circuit exposed an unintended corollary of plaintiffs' argument: if "the amount of the debt" was indeed the total credit card balance, then a dunning letter that failed to mention the amount currently being sought by the debt collector and instead provided only the total credit card balance would be in compliance with § 1692g. *Id.* "Such a reading of the statute would defeat the provision's very purpose[.]" *Id.*

The holding of *Barnes* serves to defeat Plaintiff's claim; "the amount of the debt" that must be correctly stated and itemized under §§ 1692e, g is not the entire underlying debt but the debt owed to, and sought by, the debt collector. Therefore, Blatt's statement

of Humes' debt is entirely correct as the debt sought by Blatt consists of $4747.08 principal (the entire amount of the debt assigned by Citibank) and zero accrued interest. (Wake Dep. 45:15-20.)

IV.   *Conclusion*

For the reasons discussed above, Plaintiff's Motion for Summary Judgment is <u>DENIED</u>, Defendant's Cross-Motion for Summary Judgment is <u>GRANTED</u>, and final judgment shall issue in favor of the Defendant. IT IS SO ORDERED.

Date: ____9/26/07_____        _____*Sarah Evans Barker*_____
                                          SARAH EVANS BARKER, JUDGE
                                          United States District Court
Copies to:                                Southern District of Indiana

Cathleen Maria Combs
EDELMAN COMBS LATTURNER & GOODWIN LLC
ccombs@edcombs.com

Daniel A. Edelman
EDELMAN COMBS LATTURNER & GOODWIN LLC
dedelman@edcombs.com

David Luther Hartsell
MCGUIRE WOODS LLP
dhartsell@mcguirewoods.com

James O. Latturner
EDELMAN COMBS LATTURNER GOODWIN
jlatturner@edcombs.com

Michael Robert Lieber
MCGUIRE WOODS LLP
mlieber@mcguirewoods.com

7

Brian Patrick O'Meara
MCGUIRE WOODS
bomeara@mcguirewoods.com